UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WINFRED L. STANLEY, et al.,         )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   Civil Action No. 98-2780 (PLF)
                                    )
SONYA PROCTOR, et al.,              )
                                    )
        Defendants.                 )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiffs' motion for attorneys' fees.[1] By consent of the parties, the Court stayed the litigation on the reasonableness of plaintiffs' claim for attorneys' fees by Order of April 10, 2008, pending resolution of plaintiffs' argument that they were prevailing parties in this lawsuit. That issue is now fully briefed.

On October 2, 2000, the Court heard oral argument on several motions to dismiss or for summary judgment filed by the defendants. Because affidavits, declarations, exhibits and deposition excerpts were considered, the Court treated all of the motions as motions for summary judgment. At the conclusion of the hearing, the Court granted judgment for the defendants on Counts I, III and IV. The Court reserved ruling on Counts II, V and VI. The Court confirmed its oral ruling in a written Order and Partial Judgment filed on October 4, 2000. On September 25,

---

[1] Technically, the motion is captioned Plaintiffs' Motion to Reopen Motion for Attorney's Fees and Expenses, and is supported by Plaintiffs' Memorandum of Law Supporting Their Motion to Reopen Motion for Attorney's Fees and Expenses ("Pls. Mot."). The other relevant papers that have been filed in connection with this motion are Defendant District of Columbia's Memorandum of Points and Authorities in Opposition to Plaintiffs' Claim that They Prevailed on Their Federal Civil Rights Lawsuit ("Def. Opp."); and Plaintiffs' Reply to Defendant's Opposition to Plaintiff's Motion to Reopen Motion for Attorney's Fees and Expenses ("Pls. Reply").

2002, by a separate Order and Judgment, the Court granted summary judgment for the defendants on the remaining counts, Counts II, V and VI, and entered final judgment for the defendants on all counts. On October 4, 2002, plaintiffs filed a motion to reconsider the September 25, 2002 Order and Judgment, and the Court granted that motion on October 15, 2002.

After full briefing by the parties, the Court concluded that Counts II, V and VI should be dismissed because: (1) plaintiffs were required to exhaust their administrative remedies before bringing their procedural due process claims and had failed to do so (Count II); (2) the District of Columbia Comprehensive Merit Personnel Act precludes District of Columbia employees from filing civil suits for common law defamation (Count V); and (3) a municipality cannot be held liable under a theory of *respondeat superior* for the allegedly defamatory remarks made by of one of its employees (Count VI). The Court explained its reasoning in a Memorandum Opinion dated December 9, 2002 and dismissed Counts II, V and VI by a separate Order and Judgment filed that same day.

In their motion for attorneys' fees, plaintiffs argue that they are "prevailing parties" eligible to recover attorneys' fees and expenses under 42 U.S.C. § 1988 because they obtained a substantive ruling from this Court which was a *sine qua non* for ultimately receiving full relief (*i.e.*, reinstatement and back pay) in the courts of the District of Columbia. See Pls. Mot. at 3-4. Specifically, plaintiffs argue that (1) as a direct result of the Court's December 9, 2002 Memorandum Opinion, the District of Columbia was compelled to afford the plaintiffs a due process hearing before the Office of Employee Appeals ("OEA"), and (2) that hearing led to their success in the Superior Court and ultimately in the District of Columbia Court of Appeals.

See id.; see also Pls. Reply at 1-2.[2]

The defendants respond that plaintiffs did not prevail in their lawsuit before this Court; rather, this Court dismissed their case in its entirety, including their due process claims for failure to exhaust administrative remedies at the OEA before bringing a constitutional claim for deprivation of a due process property right in this Court. Contrary to plaintiffs' assertions, defendants maintain that plaintiffs' suit in this Court did not "alter the legal relationship of the parties," because plaintiffs were pursuing a remedy for constructive termination of employment from the OEA both before they filed suit and after their suit was dismissed, and because plaintiffs' relief came not from this Court but from the Superior Court. Def. Opp. at 3. Because this Court dismissed plaintiffs' lawsuit in its entirety, issued no judgment in plaintiffs' favor, made no findings that plaintiffs' rights had been violated, and provided no benefit to plaintiffs, defendants maintain that "plaintiffs achieved no benefit or change in their relationship with the District as a result of their lawsuit [in this Court]. In fact, plaintiffs ultimately achieved the same result from the District as if their federal lawsuit had never been filed." Def. Opp. at 5.

The Court agrees with the defendants. Plaintiffs are not prevailing parties eligible to recover attorneys' fees and expenses in this case. A "prevailing party" is one "who has been awarded some relief by the court," Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 603 (2001), or one who succeeds "on any significant issue in litigation which achieves some of the benefits [they] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). And plaintiffs bear the burden of demonstrating that they are prevailing parties. See Hensley v. Eckerhart, 461 U.S. at 433, 437.

---

[2] Plaintiffs' claims were rejected by the OEA. The OEA's decision, however, was appealed to and rejected by the Superior Court of the District of Columbia, and the Superior Court's decision was upheld by the District of Columbia Court of Appeals. See Pls. Mot. at 3-4.

3

As the D.C. Circuit has said, "Buckhannon embraces three core principles for construing the term 'prevailing party' in fee-shifting statutes." Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 946-47 (D.C. Cir. 2005). Those three "core principles" were summarized by the Circuit as follows:

> First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant.
>
> Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.
>
> Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief.

Select Milk Producers, Inc. v. Johanns, 400 F.3d at 947 (citations omitted); see also Artis v. District of Columbia, 543 F. Supp. 2d 15, 22 (D.D.C. 2008). Given the procedural history of this case and the rulings of this Court, there can be no doubt that plaintiffs did not "prevail" before this Court. The Court's decision of December 9, 2002 did not compel the District of Columbia to afford plaintiffs an OEA hearing, nor did it dictate any particular outcome for any such hearing. There was no court-ordered change in the legal relationship between the parties and no judgment by this Court in plaintiffs' favor. At most, there was a "judicial pronouncement" by this Court – but no "judicial relief" provided to plaintiffs. Plaintiffs' motion for attorneys' fees and expenses therefore must be denied. For all of these reasons, it is hereby

ORDERED that Plaintiffs' Motion to Reopen Motion for Attorneys' Fees and Expenses [93] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: December 22, 2008          United States District Judge